UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUZANNE K. TAYLOR,

                Plaintiff,

    -vs-                                  09-CV-257-JTC

HARBOUR POINTE HOMEOWNERS
ASSOCIATION and CANDACE GRASER,

                Defendants.

---

Plaintiff Suzanne K. Taylor brought this action against the Harbour Pointe Homeowners' Association ("HPHA") and one of its officers, Candace Graser, for declaratory relief, injunctive relief, and damages pursuant to the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601, *et seq.*, and New York State common law, based on allegations of disability discrimination, trespass, and conversion.  In a decision and order entered February 17, 2011, this court granted defendants' motion for summary judgment dismissing the action in its entirety (Item 41), and the Clerk of the Court entered judgment accordingly (Item 42).  *See Taylor v. Harbour Pointe Homeowners Ass'n*, 2011 WL 673903 (W.D.N.Y. Feb. 17, 2011).

Defendants now move pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure[1] for an award of $83,225.00 in attorney's fees under section 3613(c)(2) of the FHA.  That section provides:

---

[1] Rule 54(d)(2) specifies the procedures for bringing a motion for an award of attorney's fees pursuant to statute, including that the motion "be filed no later than 14 days after the entry of judgment . . . ."  Fed. R. Civ. P. 54(d)(2)(B)(i).

In a civil action [for relief with respect to discriminatory housing practices], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs.

42 U.S.C. § 3613(c)(2). Under this provision, and similar provisions of other federal anti-discrimination statutes,[2] attorney's fees are available both to prevailing plaintiffs and to prevailing defendants, in the court's discretion, notwithstanding "[t]he general rule in our legal system . . . that each party must pay its own attorney's fees and expenses . . . ." *Perdue v. Kenny A. ex rel. Winn*, ___U.S.___, 130 S.Ct. 1662, 1671 (2010); *see Jenkins v. Eaton*, 2010 WL 3842412, at *2 (E.D.N.Y. Sept. 28, 2010).

However, as noted by the Second Circuit, "[f]ees are regularly awarded to prevailing plaintiffs who obtain some significant measure of relief but not to prevailing defendants." *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006) (citing *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) (per curiam)). Rather, "it is very rare that victorious defendants in civil rights cases will recover attorneys' fees." *Sista v. CDC Ixis North America, Inc.*, 445 F.3d 161, 178 (2d Cir. 2006) (citing *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir. 2004); *see also Phanco v. R.J.M. Restaurant Inc.*, 2011 WL 1486557, at *1 (W.D.N.Y. April 19, 2011). This is because of the different purposes served by the fee-shifting statutes depending on whether the plaintiff or the defendant happens to prevail. "Awards to prevailing plaintiffs are more common, both because a successful civil rights plaintiff has vindicated an important federal policy, and, conversely, because the defendant in such a

---

[2] *See, e.g.* 42 U.S.C. § 1988(b) (section 1983); 42 U.S.C. § 2000e-5(k) (Title VII); 42 U.S.C. § 12205 (ADA). Because the same substantive standards are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party . . . ,'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7 (1983), courts often cite cases under these statutes interchangeably as authority for awarding fees in any given case. *See, e.g., LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998); *Jenkins v. Eaton*, 2010 WL 3842412, at *2 n. 6 (E.D.N.Y. Sept. 28, 2010).

case has violated federal law." *Murphy v. Board of Educ. of Rochester City School Dist.*, 420 F. Supp. 2d 131, 133 (W.D.N.Y. 2006).

On the other hand, an award of attorney's fees to a prevailing defendant can also serve an  important purpose by "shield[ing] defendants from having to endure the burden and cost of defending against . . . frivolous litigation." *Id.* (citing *Andrade v. Jamestown Housing Auth.*, 82 F.3d 1179, 1193 (1st Cir. 1996) (other citations omitted).  Application of this rationale must be tempered with "[c]oncern[ ] about the potential chilling effect on [FHA] plaintiffs–who are the chosen instrument of Congress to vindicate a policy of the highest national priority . . . ." *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) (internal quotation marks and citations omitted).

Accordingly, the courts have awarded the prevailing defendant its attorney's fees only upon a finding that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

> []t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial.  The law may change or clarify in the midst of litigation.  Even where the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 421-22.  In applying these criteria, the courts have placed the burden of establishing that a claim was "frivolous, unreasonable, or groundless" squarely on the defendant, and

have deemed the burden "a heavy one." *Fleming v. MAXMARA USA, Inc.*, 2010 WL 1629705, at *8 (E.D.N.Y. Apr. 21, 2010) (citing *Sista*, 445 F.3d at 178)). Considering these standards under the circumstances presented in this case, the court finds that defendants have not met this heavy burden.

In its February 17, 2011 decision, the court first discussed the proof required for plaintiff to establish her claim that defendants failed to reasonably accommodate her depression under the FHA:

> To establish a *prima facie* claim of refusal to reasonably accommodate under Section 3604(f)(3)(B), plaintiff must show that: (1) she suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) defendants knew of her handicap or should reasonably be expected to know of it; (3) accommodation of the handicap "may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation.

*Taylor v. Harbour Pointe Homeowners Ass'n*, 2011 WL 673903, at *4 (citing *United States v. California Mobile Home Park Management Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997); *Bentley v. Peace & Quiet Realty 2 LLC*, 367 F. Supp. 2d 341, 345 (E.D.N.Y. 2005). The court did not directly address the proof regarding plaintiff's alleged depression, or defendants' knowledge of the condition. Indeed, it was not actively disputed on summary judgment that plaintiff in fact suffered from a "handicap" within the meaning of the FHA, or that defendants knew or should reasonably have known about her depression. Rather, the court focused its analysis on the proof in the record regarding whether plaintiff made a specific request for accommodation of her depression that triggered defendants' duty to afford her an equal opportunity to use and enjoy her dwelling within the meaning of the

FHA.  Finding the proof insufficient in this regard, the court determined that no reasonable jury could find in plaintiff's favor on her disability discrimination claim, as a matter of law.

This is not to say that plaintiff's claim was entirely "unreasonable or without foundation."  *Christiansburg Garment Co.*, 434 U.S. at 422.  Assuming the truth of plaintiff's deposition testimony, plaintiff articulated a reasonable basis for her belief that Ms. Graser knew or should have known about plaintiff's disability, and should have accommodated her disability by honoring her request to be allowed to recover at her own pace without outside interference.  Although, in the court's view, this testimony did not ultimately give rise to facts sufficient to meet the legal standards for *prima facie* disability discrimination under the FHA, the court is extremely reluctant to automatically convert this finding into a showing on defendants' part that plaintiff lacked any reasonable grounds for bringing suit at the outset.

In light of the clear admonition of the higher courts "to avoid chilling the initiation and prosecution of meritorious civil rights actions," *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 770 (2d Cir. 1998), the court therefore declines to exercise its discretion so as to require plaintiff to pay defendants' attorneys' fees.   *Cf. Tancredi*, 378 F.3d at 230 ("Hindsight proves that plaintiffs' [claim] was very weak, but it was not completely without foundation.").  Accordingly, defendants' motion for attorneys' fees (Item 44) is denied.

The Clerk of the Court is directed to take the steps necessary to allow the taxation of costs in the amount of $955.02, as set forth in defendants' Bill of Costs (Item 43), and to include such costs in the judgment, in accordance with 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Rule 54(a) of the Local Rules of Civil Procedure for the Western District of New York.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:                    , 2011