UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUZANNE K. TAYLOR,

                Plaintiff,

  -vs-                                              09-CV-257-JTC

HARBOUR POINTE HOMEOWNERS
ASSOCIATION and CANDACE GRASER,

                Defendants.

In a decision and order entered February 17, 2011, this court granted defendants' motion for summary judgment dismissing in its entirety plaintiff's complaint seeking declaratory judgment, injunctive relief, and damages pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and New York State common law, based on allegations of disability discrimination, trespass, and conversion against the Harbour Pointe Homeowners' Association ("HPHA") and one of its officers, Candace Graser. *Taylor v. Harbour Pointe Homeowners Ass'n*, 2011 WL 673903 (W.D.N.Y. Feb. 17, 2011). Subsequently, in a decision and order entered May 6, 2011, the court denied defendants' request for an award of reasonable attorneys' fees under 42 U.S.C. § 3613(c)(2), finding that although plaintiff had failed to make out a *prima facie* case for disability discrimination under the FHA, her claim was not "entirely 'unreasonable or without foundation.' " *Taylor v. Harbour Pointe Homeowners Ass'n*, 2011 WL 1792766, at *3 (W.D.N.Y. May 6, 2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). The parties filed cross-appeals, with plaintiff challenging the court's determination on the merits and defendants challenging the court's denial of their application for attorneys' fees.

On August 2, 2012, the Second Circuit issued a written opinion in which it dismissed plaintiff's appeal for failure to comply with the requirements of the Federal and Local Rules of Appellate Procedure governing the content of appellate briefs. *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 47-48 (2d Cir. 2012). The circuit court also granted defendants' cross-appeal, reversed the denial of defendants' application for attorneys' fees, and remanded the matter to this court "to determine the proper amount of that award." *Id.* at 51.

On remand, defendants have submitted an updated attorney's declaration in support of the fee application, which the court has now had the opportunity to review. The application is made under the FHA's fee-shifting provision, which states:

> In a civil action [for relief with respect to discriminatory housing practices], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs.

42 U.S.C. § 3613(c)(2).

As noted by the circuit court in its August 2, 2012 opinion, while prevailing plaintiffs are regularly awarded fees under this provision when they obtain some significant measure of relief, "they are not routinely awarded to prevailing defendants 'unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' " *Taylor*, 690 F.3d at 50 (quoting *Christiansburg Garment Co.*, 434 U.S. at 422). Upon examining the merits of plaintiff's FHA claim as presented on the summary judgment record, the circuit court found it to be "groundless and frivolous …," "meritless" ("To be clear, by 'meritless' we mean 'groundless or without foundation,' and not merely that [plaintiff] ultimately lost her case."), "baseless,"

and finally, "manifestly without merit and that an award of counsel fees to the defendants is appropriate." *Id.* at 50-51.

Considering these findings, this court's task on remand is clearly limited to determining what constitutes a reasonable attorney's fee to be awarded to defendants under the circumstances of this case. In this regard, both the Supreme Court and the Second Circuit have held that the "lodestar"—a reasonable hourly rate multiplied by the reasonable number of hours required by the case—creates a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Millea v. Metro–North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, ___U.S.___, 130 S.Ct. 1662, 1673 (2010)).

> While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error. A detailed explanation of the lodestar calculation is unnecessary, but compliance with the Supreme Court's directive that fee award calculations be "objective and reviewable," implies the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure.

*Millea*, 658 F.3d at 166-67 (quoting *Perdue*, 130 S.Ct. at 1674).

Hourly rates charged for legal services are generally considered to be reasonable where they "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). "[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment." *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

As set forth in the billing records attached as exhibits to the supporting declarations of Minryu Kim, an attorney associated with the law firm of Phillips Lytle LLP, nine different attorneys rendered a combined total of 557.4 hours of legal services on behalf of defendants at both the trial and appellate levels in this matter, all billed at a negotiated rate of $180 per hour. *See* Item 45, Exh. C; Item 56, Exh. E. The lion's share of the hours (451.6) were billed by Ms. Kim, who served as lead counsel throughout the course of proceedings in federal court. Three partners—Alan J. Bozer, Ronald S. Shubert, and Timothy W. Hoover, whose ordinary hourly rates currently range from $325 to $370—billed a combined total of 72 hours, and five different associates billed the remaining 33.7 hours.

The court has also considered Ms. Kim's unchallenged[1] declarations as to the education, expertise, and experience of these attorneys (*see* Item 45, ¶¶ 9-11; Item 56, ¶ 9), and has reviewed several recent decisions in this district awarding attorneys' fees to prevailing parties in fee-shifting cases. As those decisions reveal, the hourly rate of $180 is in line with the rates prevailing in this district for similar services by lawyers of reasonably comparable skill, experience and reputation. *See, e.g., Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC*, 688 F. Supp. 2d 216, 224-26 (W.D.N.Y. 2010) ($240 reasonable hourly rate for attorney experienced in ADA litigation where case was resolved by unopposed summary judgment motion); *Mostiller v. Chase Asset Recovery Corp.*, 2010 WL 335023, at *4, 5 (W.D.N.Y. Jan. 22, 2010) ($215 for partner and $175 for associate reasonable hourly rate in FDCPA case in which default judgment was granted when

---

[1] It is noted here that plaintiff did not respond to defendants' initial fee application, and has submitted only a perfunctory challenge to the renewed application on remand. *See* Item 60, pp. 3-4 (arguing that, "by unreasonably failing to bring a motion to dismiss at the outset of this case the defense has unreasonably and vexatiously increased the cost of the litigation.").

defendant failed to appear); *Malta v. Slagle*, 2008 WL 4147131, at *2 (W.D.N.Y. Sept. 3, 2008) (hourly rates of $240 and $180 reasonable in § 1983 case that proceeded to verdict in plaintiff's favor); *Pasternak v. Baines*, 2008 WL 2019812, at *6-7 (W.D.N.Y. May 8, 2008) ($240 reasonable hourly rate for lead counsel in employment discrimination case that proceeded to trial).

The billing records further reflect that several paralegals provided a total of 93.2 hours of supportive legal services to the attorneys involved in this litigation, billed at rates ranging from $100 to $155 per hour, or an average rate of $125 per hour. The court's review of recent decisions within this district, however, reveals no case in which fees were awarded for paralegal work at a rate higher than $75 per hour. *See, e.g., Disabled Patriots*, 688 F. Supp. 2d at 227 ($75/hr for paralegal services in ADA case); *see also Scott v. Niagara Credit Solutions, Inc.*, 2012 WL 729755, at *3 (W.D.N.Y. Mar. 6, 2012) ($50/hr in debt collection case; citing cases). In the absence of any showing of extraordinary circumstances warranting a departure from the prevailing rate, the court finds $75 per hour to be a reasonable rate upon which to base an award of fees for paralegal services in this case.

With regard to the total number of attorney and paralegal hours billed by defendants, the court finds that this total became necessary in defense of plaintiff's vigorous prosecution of the case before this court and the Court of Appeals, despite the "baseless nature" of her claims. *Taylor*, 90 F.3d at 50-51. Indeed, as noted by the Second Circuit, plaintiff pursued these claims in the federal courts following the dismissal of her administrative charges by the NYSDHR, which concluded "that there was no probable

cause to support [her] housing discrimination claim and that there was no evidence to support a finding that [she] is disabled, that her messy porch was related to any disability, or that she requested any accommodation." *Id*. at 51.

> While these conclusions did not preclude further litigation, the full extent of legal and factual shortcomings laid bare in the administrative proceedings should have been a powerful clue to Taylor, a licensed attorney, that her case had no merit. Furthermore, the fact that Taylor told DHR in writing that she never requested and did not need any special accommodation from the HPHA should have been an even more potent signal to her that proceeding with a federal failure to accommodate claim was improper. Nevertheless, Taylor continued to pursue the claim.

*Id.*

Moreover, the court's review of the contemporaneous time records submitted with defendants' fee application indicates no evidence of excessive, duplicative, or otherwise unnecessary entries that would cause this court to question the billing judgment of the attorneys working on the case, or their ethical obligation to exclude such hours from their fee submission. *See Disabled Patriots*, 688 F. Supp. 2d at 226(citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). These records provide sufficient information to satisfy the court as to the reasonableness of the number of hours required to defend meritless housing discrimination, trespass, and conversion claims, pursued through the federal trial and appellate courts by a licensed attorney with experienced retained counsel, against neighbors who "acted in what is best described as a neighborly manner." *Taylor*, 90 F.3d at 49-50.

Accordingly, under the circumstances presented on defendants' renewed fee application, and in the absence of any showing to challenge the presumptive reasonability of the lodestar, the court finds that the amount of $100,332.00 ($180.00 x 557.4 =

$100,332.00) represents a reasonable fee for attorney services rendered, and the amount of $6990.00 ($75.00 x 93.2 = $6990.00) represents a reasonable fee for paralegal services rendered, for a total award in the amount of **$107,322.00**, representing the reasonable attorney's fee to be allowed to defendants as the prevailing party in this action, pursuant to 42 U.S.C. § 3613(c)(2) and the remand directive of the United States Court of Appeals for the Second Circuit.

The Clerk of the Court is directed to enter final judgment accordingly.

So ordered.

/s/ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: December 5, 2012
p:\pending\2009\09-257.nov28.2012